FREDDA DIANE BAYNOR TALBOT, PLAINTIFF v. NORTH CAROLINA DEPART-
MENT OF TRANSPORTATION, DIVISION OF MOTOR VEHICLES,
DEFENDANT

No. 8810IC1036

(Filed 5 September 1989)

1. **State § 4.4— negligent issuance of I.D. card—no sovereign immunity**

There is no language in N.C.G.S. § 143-291 which prohibits plaintiff from bringing an action for negligent issuance of an I.D. card in her name against the State where the In-

dustrial Commission found that the DMV employee who issued the card was negligent during the course of his employment and that plaintiff was not contributorily negligent.

2. **State § 8.2— negligent issuance of I.D. card—action not prohibited**

A provision of N.C.G.S. § 20-37.7(g) prohibiting any action against the State for misuse of a special identification card issued by the State does not apply when the card is negligently issued.

APPEAL by defendant from the Decision and Order of the North Carolina Industrial Commission entered 7 June 1988. Heard in the Court of Appeals 13 April 1989.

*Carter, Archie & Hassell, by Sid Hassell, Jr., for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for defendant-appellant.*

ORR, Judge.

In December of 1986, the plaintiff, Fredda Diane Baynor Talbot, instituted this negligence action with the Industrial Commission against the defendant, North Carolina Department of Transportation, Division of Motor Vehicles (DMV). Plaintiff claims she suffered personal injury proximately caused by a DMV employee in the course of his employment who issued a special identification card in her name to Joyce Sauls.

A special identification card is issued in accordance with the procedure set out in G.S. 20-37.7. The statute requires that each application "shall be accompanied by a birth certificate and other proof of identification which shall be returned when the special identification card is issued." G.S. 20-37.7(b). According to the record in the case *sub judice*, the DMV employee looked at the birth certificate presented but never turned it over or requested any other form of identification as the statute requires.

Ms. Sauls took the identification with the plaintiff's name on it and used it to cash fraudulent checks drawn on the accounts of David and Judy Bynum and W. E. Tetterton. The forged checks

were made out to "Freda D. Baynor" and Ms. Sauls used the fake identification card to cash these checks.

The Bynums notified the sheriff's department that the checks were forged. The merchants who cashed the checks tracked down plaintiff and were going to prosecute her for cashing bad checks. Plaintiff alleged emotional distress due to harassing phone calls from the merchants and the threat of going to jail. She was forced to hire a lawyer and a private investigator to clear up the situation. The private investigator linked Ms. Sauls to the cases and plaintiff was ultimately cleared of any wrongdoing.

On 27 October 1987, the Industrial Commission entered a Decision and Order which awarded plaintiff $20,000.00. The Full Commission affirmed the deputy's decision. The Department of Transportation appeals.

[1] DMV claims that the State's sovereign immunity bars this tort claim action in that the Tort Claims Act, G.S. 143-291 (1987), only serves as a limited waiver to sovereign immunity and does not apply to the situation in the case at bar. The statute reads in part:

> The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was such negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, which was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages which the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of such damages by the department, institution or agency concerned, but in no event shall the amount of damages awarded exceed the sum of one hundred thousand dollars ($100,000) cumulatively to all claimants on account of injury and damage to any one person.

POORE v. SWAN QUARTER FARMS

[95 N.C. App. 449 (1989)]

We do not see any language in the statute which prohibits plaintiff from bringing this action against the State. The Industrial Commission found the DMV employee was negligent during the course of his employment. Further, the Industrial Commission found that plaintiff was not contributorily negligent. The Industrial Commission's findings were consistent with the necessary findings under the Tort Claims Act. *See* G.S. 143-291.

[2] DMV also argues G.S. 20-37.7(g) prohibits any action against the State for misuse of a special identification card issued by the State. This section of the statute reads:

> The fact of issuance of a special identification card pursuant to this section shall not place upon the State of North Carolina or any agency thereof any liability for the misuse thereof and the acceptance thereof as valid identification is a matter left entirely to the discretion of any person to whom such card is presented.

We agree with the Industrial Commission's finding that, "the Legislature by the enactment of this provision of the statute did not contemplate that the State would escape liability if a special identification card was negligently issued. In our view, the cited provision of the statute applies when such a card is properly issued."

The ruling of the Industrial Commission is affirmed.

Affirmed.

Judges BECTON and JOHNSON concur.